UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SNELLING,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                                 Case No. 1:09-CV-340

CHRYSTAL CHAPIN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Preliminary Injunction</u>. (Dkt. #6). Plaintiff initiated this action on April 7, 2009, alleging that on a single occasion in December 2007, Defendants subjected him to excessive force and denied him medical care thereafter in violation of his constitutional rights. (Dkt. #1). Plaintiff now moves the Court to enter a preliminary injunction ordering that he be incarcerated at the Muskegon Correctional Facility "without the possibility of transfer" until resolution of this matter is completed. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction

would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

First, Plaintiff has failed to establish that he "is being threatened by some injury for which he has no adequate legal remedy." Plaintiff has not alleged that he is subject to an ongoing injury or deprivation, but has instead asserted allegations concerning a single incident that occurred more than sixteen months ago. Plaintiff has not demonstrated that he is likely to prevail in this matter. Plaintiff has also failed to establish that he will suffer *irreparable* injury if his request for injunctive relief is denied. Furthermore, the Court fails to discern how the public interest is served by directing the Michigan Department of Corrections to incarcerate Plaintiff in a particular correctional facility absent evidence that such is necessary to ensure Plaintiff's safety.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that <u>Plaintiff's Motion for Preliminary Injunction</u>, (dkt. #6), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 8, 2009

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge