UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SNELLING,

       Plaintiff,                             Hon. Janet T. Neff

v.                                                  Case No. 1:09-CV-340

CHRYSTAL CHAPIN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #61). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied without prejudice in part**.

## BACKGROUND

The following allegations are contained in Plaintiff's amended complaint. (Dkt. #14). As of December 13, 2007, Plaintiff was incarcerated at the Kent County Jail. At approximately 8:00 p.m. that evening, Defendants "severely and maliciously beat and kick[ed]" Plaintiff "without justification, provocation, and without need to restore order." Defendants then placed Plaintiff "into a solitary segregation cell. . .without any medical care for 10 ½ hours." Plaintiff asserts that Defendants' actions violated his constitutional rights. Plaintiff also asserts that Defendants conspired to "fictitiously fabricate charges and disciplinary actions against the Plaintiff in order to cover up and hide their brutal beating of the Plaintiff." Plaintiff initiated this action against fourteen individuals who allegedly

participated in the aforementioned events. Plaintiff has sued the defendants in their personal and official capacity seeking monetary and injunctive relief. Defendants have moved for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v.*

*Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

**I.**       **Defendants' Failure to Submit Any Admissible Evidence**

Defendants do not dispute that a physical altercation occurred on the date in question between themselves and Plaintiff. Defendants assert, however, that their actions constituted a legitimate response to an attack initiated by Plaintiff. Defendants further argue that they did not deny Plaintiff medical care.[1] Defendants contend, therefore, that they are entitled to summary judgment. In support

---

[1] The Court notes that Plaintiff has not alleged that he was *denied* medical care. Plaintiff acknowledges that he received medical care, but asserts that the provision of such was unnecessarily *delayed*. Courts have long recognized a distinction between the two types of claims. *See, e.g., Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001); *Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004).

of this contention, Defendants have submitted four exhibits. As is well recognized, however, "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) (quoting *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001)). As discussed below, all of the exhibits submitted by Defendants in support of their motion for summary judgment fall short of this standard.

The first exhibit submitted by Defendants is a copy of an incident report that appears to concern the incident giving rise to the present action. (Dkt. #62, Exhibit 1). The contents of this report are hearsay, submitted to establish the truth of the contents therein. Defendants have not argued that this report satisfies any exception to the general proscription against the admission of hearsay and the Court finds applicable no such exception. Moreover, even if such an exception applied, the report is still inadmissible as it is not properly authenticated.

The Federal Rules of Evidence provide that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Defendants have submitted no such evidence. The Sixth Circuit has long held that to be considered in support of a motion for summary judgment, evidence must be properly authenticated. *See, e.g., Louisville Chapter, Nat. Elec. Contractors Ass'n v. Lord Elec. Co.*, 1987 WL 37188 at *3 (6th Cir., Apr. 24, 1987); *David A. Flynn, Inc. v. General Motors Acceptance Corp.*, 345 Fed. Appx. 974, 978-79 (6th Cir., Sept. 24, 2009).

The second exhibit submitted by Defendants consists of copies of several pages of what appears to be a deposition transcript. While Defendants assert that the material in question represents a transcript of Plaintiff's deposition, they have submitted no evidence in support thereof. It is not

improper to submit only selected portions of a deposition transcript in support of a motion for summary judgment, but the portions submitted must still be properly authenticated. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("[e]xcerpts of depositions are allowed - and many times preferred by the district court - if they are properly authenticated"). To properly authenticate a deposition excerpt, the party "should include the cover sheet. . .and the court reporter's certificate." *Id.* Defendants have submitted neither. Defendants have likewise failed to submit any other information to properly authenticate the material in question.

The third exhibit submitted by Defendants consist of handwritten "progress notes" which allegedly concern medical treatment Plaintiff received at the Kent County Jail. The fourth exhibit consists of medical records which purport to concern treatment Plaintiff received at Spectrum Health on December 14, 2007. The contents of these exhibits are hearsay, submitted to establish the truth of the contents therein. Defendants have not argued that these exhibits satisfy any exception to the general proscription against the admission of hearsay and the Court finds applicable no such exception. Furthermore, even if such an exception applied, the exhibits are nonetheless inadmissible as they are not properly authenticated.

In sum, because none of the material submitted by Defendants constitutes admissible evidence, Defendants have failed to meet their burden of demonstrating the absence of a genuine issue of material fact as to any of the claims asserted in Plaintiff's amended complaint. The undersigned concludes, therefore, that Defendants are not entitled to summary judgment.

**II.	Qualified Immunity**

Defendants also assert that they are entitled to qualified immunity. The Court agrees as to Plaintiff's conspiracy claim, but not as to Plaintiff's Eighth Amendment claims.

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated. *Id.* Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996). The question of whether a defendant enjoys qualified immunity is a question of law for the Court to resolve. *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001).

When evaluating claims of qualified immunity, the Court employs a two-step analysis. The Court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity. *See Callahan*, 129 S.Ct. at 816. On the other hand, if the facts establish a violation of the plaintiff's constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted. The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right." *Id.*

Where neither the motion for qualified immunity nor the opposition thereto is supported by evidence, the first step of the qualified immunity analysis focuses on the allegations in the plaintiff's complaint and whether such state a claim for violation of the plaintiff's constitutional rights. If, on the other hand, the motion for qualified immunity and/or the opposition thereto are supported by evidence, such must be considered pursuant to the summary judgment standard articulated above. Thus, if the evidence submitted by the parties demonstrates the existence of a genuine factual dispute, the resolution of which is essential to determining whether the defendant violated the plaintiff's constitutional rights, qualified immunity is not warranted. However, if the evidence establishes that the defendant did not violate the plaintiff's constitutional rights, qualified immunity is appropriate. *See, e.g., Scott v. Harris*, 550 U.S. 372, 377-86 (2007) (officer entitled to qualified immunity where evidence was such that "no reasonable jury" could have concluded that officer violated the plaintiff's constitutional rights).

Generally, to find a clearly established constitutional right, the district court "must find binding precedent by the Supreme Court, its Court of Appeals or itself." *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005) (quoting *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177-78 (6th Cir. 1988)). In extraordinary circumstances, however, the decisions of other courts may suffice if such decisions "both point unmistakably to the unconstitutionality of the conduct complained of and are so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting." *Fisher*, 398 F.3d at 845-46 (quoting *Seiter*, 858 F.2d at 1177). A single idiosyncratic opinion from another circuit's court of appeals, however, is insufficient to put a defendant on notice of how the Sixth Circuit might decide the issue in question. *See Davis v. Holley*, 835 F.2d 1175, 1182 (6th Cir. 1987).

In determining whether a defendant is entitled to qualified immunity, the focus is on the objective legal reasonableness of his actions in light of clearly established law as it existed when he engaged in the challenged conduct. *See Anderson*, 483 U.S. at 640; *Harlow*, 457 U.S. at 818; *Fisher*, 398 F.3d at 845. Accordingly, the Court must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Fisher*, 398 F.3d at 845 (quoting *Saucier*, 533 U.S. at 202).

Finally, while it "is often appropriate" to evaluate qualified immunity claims by analyzing the two steps (identified above) in sequence, such is no longer mandated. *See Callahan*, 129 S.Ct. at 818. As the *Callahan* Court recently stated, "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

With respect to Plaintiff's Eighth Amendment claims (for use of excessive force and delay in receiving medical treatment), the allegations in Plaintiff's amended complaint "make out a violation of a constitutional right." As discussed above, Defendants have submitted no evidence to the contrary. The rights in question were clearly established when the incident in question occurred. *See, e.g., Carlton v. Turner*, 2006 WL 955886 at *3 (6th Cir., Apr. 12, 2006); *Napier*, 238 F.3d at 742-43. Accordingly, the undersigned concludes that Defendants are not entitled to qualified immunity as to Plaintiff's Eighth Amendment claims.

As for Plaintiff's conspiracy claim, however, the Court reaches a different conclusion. Federal law makes it unlawful for individuals to conspire "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and

immunities under the laws." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting 42 U.S.C. § 1985). To prevail on such a claim, Plaintiff must prove the following: (1) a conspiracy; (2) for the purpose of depriving him, either directly or indirectly, of equal protection of the laws or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) that he was either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Radvansky*, 395 F.3d at 314.

The Supreme Court has cautioned, however, that "the language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88 1971)). As Plaintiff has neither alleged nor submitted evidence that Defendants' actions were in any way motivated by racial or other class-based animus, he has failed to make out a violation of federal law. Accordingly, Defendants are entitled to qualified immunity as to Plaintiff's conspiracy claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #61), be **granted in part and denied without prejudice in part**. Specifically, the undersigned recommends that Defendants are entitled to qualified immunity as to Plaintiff's conspiracy claim, but that Defendants' motion for summary judgment otherwise be denied without prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 1, 2010   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge