UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THOMAS R. SNELLING #262770,

    Plaintiff,                                         Case No. 1:09-cv-340

v                                                   HON. JANET T. NEFF

CHRYSTAL CHAPIN et al.,

    Defendants.
_____/


**OPINION AND ORDER**

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, based on plaintiff's claim of excessive force in an "alleged" brutal beating by corrections deputies while he was an inmate at the Kent County Jail, and a claim of an alleged conspiracy to cover up the beating. Defendants filed a motion for summary judgment, arguing that the claims should be dismissed because (1) defendants are entitled to qualified immunity; (2) plaintiff's claims of the denial of medical care are without legal basis; and (3) plaintiff has failed to plead a proper claim of conspiracy. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motion as to the conspiracy claim, but that the motion otherwise be denied without prejudice (R & R at 9).

       The matter is presently before the Court on plaintiff's and defendants' separate objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections in part and

grants them in part. For the reasons that follow, the Court denies plaintiff's objection (Dkt 78) with respect to summary judgment of his conspiracy claim. The Court grants in part plaintiff's objection (Dkt 83) to defendants' resubmission of evidence. The Court denies defendants' corrected objections to the partial denial without prejudice of their motion for summary judgment (Dkt 82).

## I. Conspiracy Claim

Plaintiff argues that the Magistrate Judge erred in concluding that defendants are entitled to qualified immunity as to plaintiff's conspiracy claim because he neither alleged nor submitted evidence that defendants were motivated by racial or other class-based animus (Pl. Obj., Dkt 78 at 1; R & R, Dkt 71 at 9). Plaintiff's argument is without merit. He contends that he has shown the necessary bias because Defendant Chapin is female and he is a convicted individual awaiting sentencing, and he believes he can show at trial that defendants acted in deep-seated hatred of him (Dkt 78). These bare facts coupled with plaintiff's accusation of hatred do not establish racial or otherwise *class-based* invidious discriminatory animus sufficient to support a claim that defendants conspired to deprive him of equal protection of the laws or of equal privileges or immunities of the laws (R & R, Dkt 71 at 8-9). *See Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 314 (6th Cir. 2005). The Magistrate Judge properly concluded that defendants are entitled to summary judgment of plaintiff's conspiracy claim.

## II. Eighth Amendment Claims

The Magistrate Judge concluded that defendants' motion for summary judgment of plaintiff's Eighth Amendment claim (for use of excessive force and delay in receiving medical treatment) should be denied without prejudice because the evidence submitted by defendants in support of their motion was not in the form of "admissible evidence" (R & R, Dkt 71 at 5, 8). In their objections to

the Report and Recommendation, defendants now attempt, before this Court, to cure these deficiencies in their motion for summary judgment. Defendants offer no substantive objections to the decision of the Magistrate Judge, but instead simply ask this Court to reconsider the arguments of their motion for summary judgment with this resubmitted evidence (Dkt 82 at 2). Plaintiff has objected to defendants' resubmission of evidence and requests that the Court deem the evidence inadmissible (Dkt 83).

The Court declines to reconsider defendants' motion for summary judgment in a "curative" posture. As noted above, defendants offer no substantive objections to the Report and Recommendation; they offer no authority for consideration of their 254 pages of resubmitted evidence with newly submitted affidavits; and their two-paragraph "objections" includes no legal analysis or explanation of the basis for summary judgment given this new evidence, the admissibility of which is in question. Moreover, since this evidence was not offered in support of defendants' motion for summary judgment when briefed before the Magistrate Judge, plaintiff had no opportunity for a substantive response. Defendants' objections to the Report and Recommendation are therefore denied.

Defendants' motion for summary judgment of plaintiff's Eighth Amendment claims is denied without prejudice as recommended by the Magistrate Judge. Defendants' motion should be considered on the merits in light of the factual record only after proper briefing. Plaintiff's objection (Dkt 83) is granted to the extent that the Court declines to consider defendants' evidentiary submissions in this first instance.

Plaintiff also objects to defendants' resubmitted evidence on the ground that the evidence, specifically, Mr. Langford's deposition, was not provided to plaintiff during discovery (Dkt 83).

This objection is moot because defendants have notified the Court that the Langford deposition was attached to defendants' objections by mistake and is unrelated to this case (Dkt 81, Defs. Mot. to Correct Error in Doc. #76 Defs. Obj. to the R & R). The Court granted defendants' motion to file a corrected brief substituting plaintiff's deposition for the Langford deposition (Dkts 82, 86).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objection (Dkt 78) and Defendants' Objections (Dkt 82) are DENIED; Plaintiff's Objection (Dkt 83) is GRANTED IN PART and DENIED IN PART; and the Report and Recommendation (Dkt 71) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that defendants' Motion for Summary Judgment (Dkt 61) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART; Defendants' motion is **granted** as to plaintiff's conspiracy claim and is **denied without prejudice** as to plaintiff's excessive force/delay in medical treatment claim.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith.

Dated: December 9, 2010                                /s/ Janet T. Neff
                                                                              JANET T. NEFF
                                                                              United States District Judge